IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE BICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2: 20-CV-916-ECM |
| ) | (wo) |
| O'REILLY AUTOMOTIVE STORES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on two motions filed by the Plaintiff: a motion to modify the scheduling order and a motion for leave to amend the complaint. (Doc. 21). The Defendant opposes the motions. Upon review of the parties' briefs, the law, and the record, and for reasons to be discussed, the motions are due to be DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Stephanie Bice ("Bice") and Defendant O'Reilly Automotive Stores, Inc. ("O'Reilly") submitted a Report of Parties' Planning Meeting in which they requested various deadlines, including a deadline of April 2, 2021 for amendment of the pleadings. (Doc. 13). Based upon the parties' requested trial term, this Court entered a Uniform Scheduling Order which set deadlines in accordance with this Court's published dates for that trial term, which included an April 17, 2021 deadline to amend the pleadings. (Doc. 15).

In response to the Uniform Scheduling Order, the parties sought a modification of two deadlines: the dispositive motion deadline and discovery deadline. (Doc. 17). The Court granted the parties' request to the extent that the Court reset the trial date and some accompanying deadlines, but retained the April 17, 2021 deadline for amendment of the pleadings without objection from the parties. (Doc. 20).

The parties exchanged initial disclosures on February 17, 2021, and agreed to exchange the related documents–documents 1 through 298–on February 18, 2021. (Doc. 21 at 3). Bice propounded discovery requests and, after a mutually agreed upon extension of time, received O'Reilly's responses and document production–documents 299 through 457–on March 26, 2021. (*Id.*). Although Bice represents that she received documents 299 through 457 on March 26, 2021, O'Reilly provides evidence that she downloaded those documents on April 5, 2021. (Doc. 24).

Upon review of documents 299 through 457, counsel for Bice discovered a factual basis for alleging an Equal Pay Act and Title VII pay claim. (Doc. 23 at 6). Unfortunately, counsel did not review those documents at the time they were disclosed, but instead viewed them after "receiving Defendant's complete document production (April 20, 2021) and [before] filing Plaintiff's Motions (May 20, 2021)." (*Id.*).

Bice's explanation for the failure to review the pertinent documents until after the deadline had run for amendment of the pleadings is that counsel was not aware until two weeks after receiving documents 299 through 257 that Bice had never received documents

2

1 through 298. Counsel for Bice reviewed all of the documents only after documents 1 through 298 were received on April 20, 2021. (*Id.*).

## II.  STANDARD OF REVIEW

Generally, leave to amend should be "freely given when justice so requires." FED. R. CIV. P. 15(a).  A motion to amend filed after the scheduling order's deadline, however, is governed by Rule 16. FED. R. CIV. P. 16(b).

Under Rule 16, a scheduling order may be modified only "upon a showing of good cause." *Id.*  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(quoting FED. R. CIV. P. 16(b) advisory committee's note).  Therefore, a plaintiff must show good cause to file a motion to amend filed after the scheduling order's deadline before a court will consider whether amendment is proper under Rule 15.  *Id.* at 1419.  To do otherwise would mean that the scheduling order would be rendered meaningless, and Rule 16(b) and its good cause requirement would be read out of the *Federal Rules of Civil Procedure*.  *Id.*

## III.  DISCUSSION

Because Bice's motion to amend was filed after the scheduling order's deadline for amendment of the pleadings, Bice must meet the good cause standard of Rule 16.  *See id.*  Bice, however, has not shown that the pleading amendment deadline could not have been met despite the exercise of diligence.  The documents which Bice says support unequal pay claims were provided to Bice weeks before the April 17, 2021 amendment deadline, but

3

she waited until May 20, 2021 to file her motion to amend, resulting in a delay inconsistent with a finding of diligence. *See Sosa*, 133 F.3d at 1419 (plaintiff was not diligent when she waited for months "[d]espite receiving this information two weeks prior to the deadline for amending her complaint . . . .").

The explanation Bice gives for her untimely motion is that there was a delay in receiving O'Reilly's initial disclosure documents, and counsel for Bice did not review any documents until all of the documents had been received. But the documents which Bice identifies as containing pay information were not included in the delayed initial disclosure documents. Instead, the documents containing pay information were provided to Bice well before the pleading amendment deadline, and counsel neglected to review the pertinent documents before the deadline. (Doc. 23 at 6). This does not demonstrate diligence. *See Young v. City of Gulf Shores*, 2009 WL 321221, at *1 (S.D. Ala. 2009) (finding in the context of a motion to amend that "neglect is fundamentally inconsistent with good cause.").

If this Court were to allow an amendment under the facts in this case, it would be difficult for the Court to insist on compliance with deadlines set in its many other cases. Thus, the integrity of scheduling orders in all cases before the Court, and not just in this case, is implicated. *See White v. Volvo Trucks of N. Am., Inc.*, 211 F.R.D. 668, 669 (M.D. Ala. 2002). Because Bice has failed to show that she could not have located the pay information within the documents provided to her before the expiration of the deadline if

4

she had exercised diligence, the Court will enforce the deadline in the Uniform Scheduling Order.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the motions to modify the scheduling order and amend the complaint are DENIED.

DONE this 4th day of June, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE